UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| PHYLLIS EXUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Civil Action No. 15-CV-233** |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| STELLAR RECOVERY, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. INTRODUCTION

1. This action is brought by Plaintiff Phyllis Exum for actual damages, statutory damages, and civil penalties against Defendant Stellar Recovery, Inc., for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), and North Carolina Collection Agency Act, N.C.G.S. § 58-70 *et seq*. ("NCCAA"), which prohibit debt collectors and collection agencies from engaging in abusive, deceptive, and unfair practices, and from collecting any charge, fee or expense incidental to the principal debt unless legally entitled to such fee, including any payment of "convenience" fees.

2. Providing for civil damages without a need to prove actual damages "is indicative of our General Assembly's intent to hold debt collection agencies regulated under Chapter 58 to a higher standard in undertaking their debt collection practices than the standard to which other entities engaged in debt collection are held under the [North Carolina

Debt Collection Act, N.C.Gen.Stat. § 75-50 *et seq.*]." *Simmons v. Kross Lieberman & Stone, Inc.*, 746 S.E.2d 311, 316 (N.C.Ct.App. 2013).

## II. JURISDICTION

3. Venue is proper in this district as all relevant events took place here.

4. Jurisdiction for the District Court for the Eastern District of North Carolina arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Jurisdiction over state law claims arises under 28 U.S.C. § 1367.

## III. PARTIES

5. Plaintiff Phyllis Exum is an individual who resides in Kenly, North Carolina.

6. Ms. Exum allegedly incurred a debt.

7. Ms. Exum is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. Ms. Exum is a "consumer" as defined by the NCCAA, N.C.G.S. § 58-70-90(2).

9. Defendant Stellar Recovery, Inc. is a collection agency and corporation located in Jacksonville, Florida.

10. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

11. Defendant regularly attempts to collect consumer debts alleged to be due to another.

12. Defendant engages, directly or indirectly, in debt collection from consumers.

13. Defendant, directly or indirectly, engages in soliciting, from more than one

person delinquent claims of any kind owed or due or asserted to be owed or due by the solicited person.

14. Defendant holds a collection agency license from the North Carolina Department of Insurance, as required by N.C.G.S. § 58-70-1.

15. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

16. Defendant was and is a "collection agency" as defined by the NCCAA, N.C.G.S. §§ 58-70-15 and 58-70-90(1).

## IV. FACTUAL ALLEGATIONS

**A. Ms. Exum**

17. Ms. Exum received cable television service from Comcast.

18. Ms. Exum was unable to pay for cable television service from Comcast, resulting in a balance allegedly owed ("the Debt").

19. The Debt was incurred for personal, family, or household purposes, *i.e.*, personal cable television service.

20. Defendant obtained the Debt for collection after it entered default.

21. By correspondence dated June 4, 2014, Defendant arranged for the preparation and transmittal of a letter to Ms. Exum at her residence in an attempt to collect the Debt.

22. Defendant's June 4, 2014 letter was an attempt by Defendant to collect the Debt.

23. Defendant's June 4, 2014 letter references the Debt and states, "If you choose to pay this amount due by credit/debit card or by check over the telephone, you may be charged a convenience and processing fee." The letter also states, "Payments made via telephone, IVR or web may include a courtesy fee."

24. Fees such as those sought by Defendant here are frequently referred to as "convenience fees."

25. Defendant's letter does not indicate that the convenience fee will be collected by anyone other than Defendant.

26. Defendant's attempted collection of a convenience fee mislead Ms. Exum into believing that she was obligated to pay said fee if she wanted to make a payment on the Debt.

27. Defendant's false statement that it *may* charge a convenience fee misrepresents its ability to charge additional fees to consumers. Indeed, there is no possibility here that it *could* charge a convenience fee; therefore, its claim that it *may* charge one is objectively false.

28. Defendant's false statement that it *may* charge a convenience fee falsely represents that the Debt can be increased by the addition of service fees.

29. Defendant's statement that it *may* charge a convenience fee misleads the least sophisticated consumer into believing that it is permitted to charge the convenience fee.

30. Defendant's statement that it *may* charge a convenience fee is a threat to take action not permitted by law or that it does not intend to take.

31. Defendant's false, misleading, and threatening statement that it *may* charge a convenience fee would affect the least sophisticated consumer's decision to pay or not to pay the alleged debt.

**B.     The FDCPA**

32. In passing the FDCPA, Congress found: "Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

**1.     1692f**

33. Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This section also provides a non-exhaustive list of prohibited conduct, including "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

34. Addressing the attempted collection of a convenience charge nearly identical to the facts of this case, the Eastern District of New York stated: "Regardless of the exact meaning of 'unfair or unconscionable,' the FDCPA explicitly prohibits 'the collection of *any* amount (including *any* interest, *fee*, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1)." *Quinteros v. MBIAssociates, Inc.*, 2014 U.S.Dist.LEXIS 27735, *10 (E.D.N.Y., Feb. 28, 2014) (emphasis in original). "Courts have interpreted the

FDCPA broadly, and it would be anomalous to conclude 'any amount' does not encompass the processing fees at issue here." *Id.* at *10-11.

35. Addressing the attempted collection of a service charge by Equifax, the Second Circuit stated:

> Under the FDCPA, Equifax may impose a service charge if (i) the customer expressly agrees to the charge in the contract creating the debt or (ii) the charge is permitted by law. *See* 15 U.S.C. § 1692f(1). In other words,
>
> *If state law expressly permits service charges*, a service charge may be imposed even if the contract is silent on the matter;
>
> *If state law expressly prohibits service charges*, a service charge cannot be imposed even if the contract allows it;
>
> *If state law neither affirmatively permits nor expressly prohibits service charges*, a service charge can be imposed only if the customer expressly agrees to it in the contract.

*Tuttle v. Equifax Check Servs,* 190 F.3d 9, 13 (2d Cir. 1999).

36. Here, state law expressly prohibits the convenience charge, as described *infra* regarding the NCCAA. Therefore, the Second Circuit's second hypothetical option ("If state law expressly prohibits service charges...") applies, and Defendant's attempt to collect the convenience charge violates Section 1692f(1).

### 2. 1692e

37. In an attempt to reduce the prevalence of false, deceptive, and misleading representations, Congress adopted § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct, including:*** (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996). Additionally, Section 1692e forbids the "threat to take any action that cannot legally be taken..." 15 U.S.C. § 1692e(5).

39. Violations of the FDCPA are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983).

40. "That it may be obvious to specialists or the particularly sophisticated that a given statement is false or inaccurate does nothing to diminish that statement's 'power to deceive others less experienced.' " *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) quoting *Federal Trade Comm'n v. Standard Educ. Soc'y*, 302 U.S. 112, 116, 58 S.Ct. 113, 82 L.Ed. 141, 25 F.T.C. 1715 (1937). "As Justice Black has observed, our laws 'are made to protect the trusting as well as the suspicious,' and this is particularly the case within the realm of consumer protection laws." *Id.*

41. Significantly, "[T]he FDCPA's prohibition against false or misleading information in collection notices ... is unequivocal." *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645 (7th Cir. 2009).

42. "[I]t is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012).

43. Here, Defendant mislead the least sophisticated consumer by falsely stating that it *may* collect a convenience charge even though state law prohibited it from doing so.

44. Indeed, "even a shrewd consumer would be unlikely to question the legality of a seemingly reasonable ... processing fee, much less turn to the statute books." *Quinteros v. MBIAssociates, Inc.*, 2014 U.S.Dist.LEXIS 27735 at *15.

**C.  The NCCAA**

45. The NCCAA shares similar purposes and provisions with the FDCPA, including the prohibition of false, deceptive, and misleading representations, *cf* N.C.Gen.Stat. § 58-70-110 and 15 U.S.C. § 1692e, and unfair practices. *Cf.* N.C.Gen.Stat. § 58-70-115 and 15 U.S.C. § 1692f. As such, the FDCPA standards established by the Fourth Circuit may be used as a model for analyzing collection agency communications under the NCCAA. *See DIRECTV, Inc. v. Cephas*, 294 F. Supp. 2d 760, 763 (M.D.N.C. 2003). *See* ¶¶ 32-44, *supra*.

46. North Carolina "hold[s] debt collection agencies regulated under Chapter 58 to a higher standard ... than the standard to which other entities engaged in debt collection are held under" other state statutes. *Simmons v. Kross Lieberman & Stone, Inc.*, 746 S.E.2d

311, 316 (N.C.Ct.App. 2013).

47. The North Carolina Collection Agency Act prohibits collection agencies from attempting to collect debts "by use of any unfair practices." N.C.Gen.Stat. 58-70-115. The provision provides a non-exhaustive list of conduct that violates the NCCAA, including:

> Collecting or attempting to collect from the consumer all or any part of the collection agency's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge.

N.C.Gen.Stat. 58-70-115(2).

48. Here, the convenience fee threatened by Defendant for making payments to Defendant on such a debt is a false statement as to a possible (yet illegal) fee for Defendant's services. Therefore, as the NCCAA does not allow Defendant to charge consumers such fees under any circumstances, Defendant's claim that it *may* be able to do so is inconsistent with Section 58-70-115(2).

49. The North Carolina Department of Insurance, which is charged with regulating collection agencies that engage in collection activity with North Carolina residents, agrees with this interpretation. Indeed, just last year it issued a memorandum to all collection agencies reminding them that such charges violate the NCCAA.

50. Here, Defendant mislead and deceived Ms. Exum by falsely stating that it *may* collect a convenience charge when state law prohibited it from doing so.

51. Ms. Exum demands a jury trial over all claims.

## V.     COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

52. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

53. Defendant's violations of the FDCPA include, but are not limited to:

   A. using any false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e and e(10); and

   B. attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

54. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

## VI.    COUNT TWO - NORTH CAROLINA COLLECTION AGENCY ACT

55. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

56. Defendant's violations of the NCCAA include, but are not limited to:

   A. attempting to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation, in violation of N.C.G.S. § 58-70-110;

   B. falsely representing that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees, or any other fees or charges, in violation of N.C.G.S. § 58-70-110(6);

   C. attempting to collect any debt by use of any unfair practices, in violation of N.C.G.S. § 58-70-115; and

D. attempting to collect from the consumer all or any part of the collection agency's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge, in violation of N.C.G.S. § 58-70-115(2).

57. As a result of Defendant's violations of the NCCAA, Plaintiff is entitled to an award of actual damages, civil penalties, costs, and reasonable attorney fees.

## VII. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Phyllis Exum requests that judgment be entered in her favor against Defendant Stellar Recovery, Inc. for:

A. Actual damages;

B. Statutory damages in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2);

C. Civil penalties in the amount of $4,000 for each violation, pursuant to N.C.G.S. § 58-70-130(b);

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and N.C.G.S. § 75-16.1; and

E. For such other relief as the Court may find to be just and proper.

Dated: June 3, 2015

/s/ Robert Lee Roland, IV
Robert Lee Roland, IV
Attorney for Plaintiff
Law Offices of John T. Orcutt, P.C.
6616 Six Forks Road, Suite 203
Raleigh, North Carolina 27615
Telephone: (919) 847-9750
Fax: (919) 847-3439
Email: lroland@johnorcutt.com
State Bar No. 41930